```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Raymond F. Wright, Jr.

   v.                               Civil No. 12-cv-181-JD

Diversified Collection
Services, Inc.

## NOTICE OF RULING

    Re:   Document No. 8, Proposed Discovery Plan

The parties' proposed discovery plan (doc. no. 8) is not approved. The plan does not substantially conform to Civil Form 2, Sample Discovery Plan. See LR 26.1. By way of example, the plan includes no information with respect to electronic discovery; fails to include separate deadlines for motions to dismiss and motions for summary judgment; fails to specify agreements with respect to forms of discovery (interrogatories, admissions, depositions); and includes no deadlines for joinder and third party actions. Accordingly, the parties are ordered to meet and confer and file, on or before September 6, 2012, a discovery plan that conforms with Civil Form 2.

In addition to Civil Form 2, the parties should note that Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or forms in which it should be produced . . . ." The court refers the parties to the following outline of potential issues to discuss:

    1. Preservation. Counsel should attempt to agree on steps the parties will take to segregate and preserve ESI in order to avoid accusations of spoliation.

    2. E-mail Information. Counsel should attempt to agree on the scope of e-mail discovery and e-mail search protocol.

    3. Back-up and Archival Data. Counsel should attempt to agree on whether responsive back-up and archival data

exists, the extent to which back-up and archival data is reasonably accessible, and who will bear the cost of obtaining such data.

4. Format and Media. Counsel should attempt to agree on the format and media to be used in the production of ESI, and whether production of some or all ESI in paper form is agreeable in lieu of production in electronic format.

5. Reasonably Accessible Information and Costs. Counsel should attempt to determine if any responsive ESI is not reasonably accessible, i.e., is accessible only by incurring undue burdens or costs.

6. Privileged or Trial Preparation Materials. Counsel also should attempt to reach agreement regarding what will happen in the event privileged or trial preparation materials are inadvertently disclosed. See Fed. R. Evid. 502.

The pretrial conference currently scheduled for September 6, 2012, shall be rescheduled.

_____
Landya McCafferty
United States Magistrate Judge

Date: August 17, 2012

cc: Joseph L. Gentilcore, Esq.
    Robert A. McCall, Esq.
    John J. O'Connor, Esq.
    Angela K. Troccoli, Esq.